IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LINDA BILOTTI, et al.**

    **Plaintiffs,**

v.

**ST. CLAIR COUNTY INTERGOVERNMENTAL
GRANTS DEPARTMENT, et al.,**

    **Defendants.**                      **No. 11-cv-425-DRH**

### ORDER

**HERNDON, Chief Judge:**

On May 20, 2011, plaintiffs, pro se, filed an employment discrimination complaint claiming jurisdiction based on 28 U.S.C. § 1331. In the jurisdiction section of the form complaint, plaintiffs alleged that the defendants discriminated against plaintiffs based on defamation. On the civil cover sheet, however, plaintiffs indicated that the basis of the Court's jurisdiction was that the United States government was a plaintiff. Clearly, it is not. The civil cover sheet also indicates that this case was being filed under 42 U.S.C. § 1983.

After reviewing the complaint and supporting documents filed therewith, the Court *sua sponte* raised the issue of its jurisdiction over this claim. See *Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1131 (7th Cir. 2001). Accordingly, the Court

gave notice to plaintiffs that it was considering dismissing this complaint for a lack of subject matter jurisdiction and set the matter for hearing so that plaintiffs had an opportunity to be heard on whether the Court had jurisdiction. *Id.* at 1131-32.

On July 19, 2011, a little over week prior to the scheduled hearing on July 28, 2011, plaintiffs filed a motion to amend/correct the complaint (Doc. 5). In their motion to amend the complaint, plaintiffs sought to omit the employment discrimination claim, to add Julia Jackson as a plaintiff, and to add St. Clair County and Mid America Workforce Investment Board as defendants. Plaintiffs also sought to amend their complaint by contending that defendants defamed plaintiffs on December 14, 2009, and June 1, 2010, by comments/statements made in the Belleville News Democrat. Plaintiffs further requested to amend their civil cover sheet by asserting a federal question as the basis of their jurisdiction and wrote that "[d]efendants made false, slanderous and libelous statements with actual malice to defame our character" as the description of their cause.

On July 28, 2011, the Court held a hearing on the Court's jurisdiction and gave every plaintiff present an opportunity to be heard regarding the type of claim each of them believed they had. Following the hearing, the Court informed plaintiffs that it would take the matter under advisement. The Court now dismisses plaintiffs' cause of action without prejudice on the basis that it is clear that plaintiffs' cause of action is founded in defamation and there is no federal jurisdiction over such claim as defamation generally is a matter of state law. See *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 707 (7th Cir. 1994). Furthermore,

nothing plaintiffs sought to amend in their motion to amend (Doc. 5) changes this and therefore that motion (Doc. 5) is denied.

As the Court explained to plaintiffs at the hearing, "[f]ederal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). "The Constitution permits federal courts to hear only certain claims, including those claims between parties of diverse state citizenship and, most importantly for present purposes, 'federal question' claims, or those arising under' the laws of the United States." *Id.* (citing U.S. CONST. art. III, § 2, cl. 1.). "Today, federal question jurisdiction is codified is codified at 28 U.S.C. § 1331, which states that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Ward*, 563 F.3d at 281 (quoting 28 U.S.C. § 1331).

Here, plaintiffs failed to allege anything in their complaint, in their proposed amendments to their complaint, or in their statements at the hearing that would transform their claim to anything more than a state law defamation claim. Without something more, the Court lacks federal jurisdiction over such a claim. The Court explored with plaintiffs other grounds for possible federal question jurisdiction, but no plaintiff could discuss a discriminatory basis for their termination which would go to a potential retaliatory discharge theory. Accordingly, the Court must dismiss plaintiffs' cause of action without prejudice. The Court's dismissal does not speak to any potential merits of a state court action, but rather only to the Court's limited jurisdiction. The case is dismissed without prejudice and

the motion to amend (Doc. 5) is denied.

**IT IS SO ORDERED**.

Signed this 3rd day of August, 2011.

Digitally signed by David R. Herndon
Date: 2011.08.03 13:33:50 -05'00'

**Chief Judge
United States District Court**